# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**CHAMBERS OF MARK FALK**  
**CHIEF MAGISTRATE JUDGE**

USPO & COURTHOUSE  
1 FEDERAL SQ., ROOM 457  
NEWARK, NJ 07101  
(973) 645-3110

## LETTER OPINION & ORDER

July 7, 2021

**TO ALL COUNSEL OF RECORD**

Re: *Bing v. Spinelli, et al.*, 18-13261 (CCC)  
    *Jones v. Spinelli, et al.*, 19-12728 (JHR)  
    *Baylor v. Spinelli, et al.*, 19-12188 (KSH)  
    **(CONSOLIDATED)**

Dear Counsel:

    These are consolidated personal injury actions arising out of a motor vehicle accident. Plaintiffs were passengers on a bus that was hit from behind on the New Jersey Turnpike by a tractor-trailer owned by Performance Food Group, Inc. ("PFG") and driven by Defendant Spinelli ("Defendants"). Before the Court is Plaintiffs' letter request to compel Defendants to respond to three document demands. [Civ. A. No. 18-13261; ECF No. 51; Civ. A. No. 19-12728; ECF No. 29.] Defendants oppose the request. No argument is necessary. *See* Fed. R. Civ. P. 78(b). Plaintiffs' request is **GRANTED**.

## The Dispute

    The dispute is straightforward. Plaintiffs claim that Defendant Spinelli was asleep at the wheel of a PFG truck and that caused an accident and Plaintiffs' injuries. Plaintiffs have served three document demands that request "similar information where other PFG truck drivers fell asleep at the wheel (or were tired, sleepy) and caused harm, and any analysis and/or preventative steps taken as a result." (*Id*. at 1.) Plaintiffs claim the information is relevant to their negligence and negligent supervision and hiring claims. Defendants contend the information sought is not relevant nor admissible and is being sought simply to inflame a jury.

**Legal Standard**

Federal Rule of Civil Procedure 26(b)(1) provides that a party may obtain discovery regarding "any nonprivileged material that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id*. It is "well recognized that the federal rules allow broad and liberal discovery." *Pacini v. Macy's*, 193 F.3d 766, 777-78 (3d Cir. 1999). Relevance is a broader inquiry at the discovery stage than at the trial stage, *see Nestle Food Corp. v. Aetna Cos. & Surety Co.*, 135 F.R.D. 101, 103 (D.N.J. 1990), and "relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000). While relevant information need not be admissible, the burden remains on the party seeking discovery to "show that the information sought is relevant to the subject matter of the action and may lead to admissible evidence." *Caver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000). A party resisting discovery on the grounds of burden or expense "bears the burden of showing specifically how the request is burdensome." *Carnegie Mellon Univ. v. Marvell Tech. Grp. Ltd.*, 2010 WL 4922701, at *3 (W.D. Pa. Nov. 29, 2010).

**Decision**

Plaintiffs have established that the information sought could be reasonably relevant to the case and their negligence-based claims. The crux of the case is that negligent driving and negligent supervision and training led ultimately to a rear-end accident. It is not unreasonable to seek out any similar incidents that involved similar behavior and to take the position that if such information exists it could support a claim of negligence and/or failure to supervise or train. Therefore, within the meaning and contemplation of Rule 26, the request seeks sufficiently "relevant" information.

However, it is a completely different question, for a different time, whether any information obtained in response to these demands would be admissible at trial. Again, discoverable and admissible are distinct and different concepts. *See e.g.*, *Pearson*, 211 F.3d at 65. That decision will be made later at the necessary time. Defendants' objections

are mostly to the ultimate question of admissibility, and therefore, not persuasive in this context.  There is no showing that the information sought is unduly burdensome or expensive to produce and there is no claim of privilege made.  Thus, we are speaking simply of the concept of relevance and within that context the request is reasonably calculated to uncover relevant and plausibly admissible information directed to the existing claims.  For that reason, Plaintiffs' motion is **GRANTED**.

       **SO ORDERED**.

                                        <u>s/Mark Falk</u>
                                        **MARK FALK**
                                        **United States Magistrate Judge**